IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 20-03046-09-CR-S-BP |
| | ) | |
| ROBERT D. HUDDLESTON, | ) | |
| | ) | |
| Defendant. | ) | |

**REPORT & RECOMMENDATION**

Before the Court is Defendant's Motion for Extension of Time to File Motion to Suppress Evidence. (Doc. 215.) The Government has filed Suggestions in Opposition. (Doc. 216.) Defendant did not submit a reply brief. In accordance with Local Rule 72.1, this action was referred to the undersigned to prepare a report on all motions to suppress. As follows, it is **RECOMMENDED** that the Motion be **DENIED**.

**I. Background**

On February 5, 2021, Defendant filed the Motion for extension of time, seeking leave to file a motion to suppress out of time. In the Motion, defense counsel Marsha Jackson states: "Defendant's previous attorney did not file any pre-trial motions in a timely manner"; "after review of the [voluminous] discovery and speaking with Defendant, [she] believes a motion to suppress should be filed"; "[she] was only appointed on December 14, 2020"; and "Defendant would be severely prejudiced if a motion to suppress was not filed." (Doc. 215.) The Government responds that Defendant has demonstrated neither cause nor prejudice for filing his motion to suppress out of time. On March 16, 2021, the undersigned conducted a hearing on the Motion. (Doc. 231.)

The Government appeared by Assistant United States Attorney Jessica Sarff, and Defendant appeared in person with Ms. Jackson. (Doc. 233.)

## II. Findings

Defendant has been charged by a one-count Indictment with conspiracy to distribute 400 grams or more of a mixture or substance containing a detectable amount of fentanyl. (Doc. 9.) On June 12, 2020, Defendant made his initial appearance and Benjamin A. McBride was appointed to represent him. Four days later, on June 16, 2020, Defendant was arraigned, and the undersigned issued a Scheduling and Trial Order, which stated "[o]n or before twenty days from the date of this order, the parties shall file any relevant pretrial motions." *Id.* Given that the Order was issued on June 16, 2020, the deadline for any relevant pretrial motions, including motions to suppress, was July 6, 2020. (Doc. 58.)

On June 29, 2020, the Government provided initial discovery to Mr. McBride. (Doc. 216 at 2; Doc. 233 at 4.) Over five months later, on December 11, 2020, Mr. McBride filed a motion to withdraw as Defendant's attorney due to a conflict of interest. (Doc. 197.) On December 14, 2020, the Court granted Mr. McBride's motion to withdraw and appointed Ms. Jackson to represent Defendant. (Docs. 198-99.) On December 22, 2020, the Government provided the same initial discovery to Ms. Jackson, with any supplemental discovery provided relating only to other individuals and not Defendant. (Doc. 233 at 5.) On January 29, 2021, Ms. Jackson met with Defendant to review the discovery. Thereafter, on February 5, 2021, Defendant filed the Motion at issue, requesting an extension of time to file a motion to suppress out of time, which the undersigned promptly set for hearing.

At the hearing, Ms. Jackson acknowledged that the Motion is "well out of time" but alleged that prior counsel "completely missed the issue," "never [] talked to . . . his client at the time about

2

. . . whether or not to file a motion to suppress," and the motion to withdraw due to a conflict of interest should have should been filed before December, characterizing such as "ineffective assistance of counsel."[1] (Doc. 233 at 3, 6-9.) Ms. Jackson confirmed that she received all discovery relevant to the proposed motion to suppress from the Government by December 22, 2020, but noted that the discovery in the case is voluminous (doc. 233 at 4) and each file had to be downloaded separately. (Doc 215.) The Government agreed that the discovery in the case is voluminous, but countered "that the discovery with respect specifically to [Defendant] is limited to one report and a handful of intercepted phone calls. So, [as] to his involvement, it is not voluminous at all." (Doc. 233 at 5.)

The Government also argued at the hearing that the Defendant has failed to show prejudice. Regarding prejudice, Ms. Jackson elaborated that the basis of the proposed motion to suppress would be that Defendant "was not properly Mirandized and was questioned for hours after he repeatedly asked for an attorney." *Id.* at 11-12. She stated that when she asked the Government for Defendant's "signed Miranda form" waiving his *Miranda* rights, "[t]he response is they didn't have him sign one. They just read it from the card they keep in their pocket." *Id.* at 12. Ms. Jackson also noted that the interview with Defendant was not recorded. *Id.* She concluded her statements, stating there is prejudice, it is an issue that prior counsel should have raised, and she is "trying to make things right for [Defendant]." *Id.*

### III. Conclusions

Motions for suppression of evidence "must be raised by pretrial motion if the basis for the motion is then reasonably available and the motion can be determined without a trial on the

---

[1] As to the allegations regarding Mr. McBride's representation, the Court noted that "it is unfair to Mr. McBride" since "he [is] not here to be able to defend himself," further observing that Defendant had not raised any issue concerning Mr. McBride's performance prior to the withdrawal. (Doc. 233 at 7-8.)

merits." Fed. R. Crim. P. 12(b)(3)(C).  The court may set a deadline for pretrial motions.  Fed. R. Crim. P. 12(c).  However, the court may still consider an untimely pretrial motion "if the party shows good cause."  Fed. R. Crim. P. 12(c)(3); *see also United States v. Reichel*, 911 F.3d 910, 916 (8th Cir. 2018).  Good cause requires a showing of "both cause and prejudice."  *United States v. Fogg*, 922 F.3d 389, 391 (8th Cir. 2018).  Good cause is a "flexible standard that requires consideration of all interests in the particular case."  Fed. R. Crim. P. 12(c)(3) advisory committee note to 2014 amendments.  The movant bears the burden of showing good cause.  *United States v. Trancheff*, 633 F.3d 696, 697 (8th Cir. 2011).  Notably, "[t]he desire to suppress incriminating evidence and the retention of new counsel are not by themselves sufficient to establish good cause."  *Id.* at 698.  Furthermore, a court may deny a pretrial motion in limine as untimely "on the ground that it was an untimely effort to preserve issues that could have been raised in a timely motion to suppress."  *Id.* at 697.

Upon review, the undersigned finds that Defendant has failed to show cause to grant leave to file an untimely motion to suppress.  Here, the Motion was filed almost seven months after the July 6, 2020 deadline to file pretrial motions, and the Government provided all relevant discovery to Defendant by June 29, 2020.  Moreover, the suppression issue Defendant seeks to raise is neither complex nor novel, and all of the facts alleged at the hearing as to the proposed motion to suppress were within his knowledge at the time of his arraignment.  Despite the availability of the relevant discovery, Defendant chose not to raise this claim by the July 6, 2020 deadline, and he did not request an extension of such deadline, or otherwise move for leave to file the motion to suppress out of time while he was represented by Mr. McBride for approximately six months, from June to December 2020.

4

One principal reason for Defendant's motion for leave appears to be that he is now represented by a different attorney. However, "[t]he desire to suppress incriminating evidence and *the retention of new counsel* are not by themselves sufficient to establish good cause." *Trancheff*, 633 F.3d at 698 (emphasis added). The case of *United States v. Salgado-Campos* offers further guidance. In *Salgado-Campos*, counsel for the defendant moved to extend the deadline to file pretrial motions, citing as grounds his recent retention and his desire to file a motion to suppress certain incriminating evidence. *United States v. Salgado-Campos*, 442 F.3d 684, 685-86 (8th Cir. 2006). There, the motion was filed three months after the pretrial motion deadline set by the court, nearly two months after newly retained counsel had entered the case, and there "was no showing that the government failed to disclose pertinent information" before the deadline passed. *Id.* at 686. The trial court denied the motion, and the Eighth Circuit affirmed, holding the explanation that counsel's request for an extension came "as soon as he might have been expected to have been apprised of the substantial issues for suppression in the case" failed to show good cause. *Id.*

In this matter, Mr. McBride was appointed as Defendant's first counsel on June 12, 2020, and relevant discovery was made available to Defendant by June 29, 2020. The deadline for pretrial motions was set as July 6, 2020. Approximately five months later, on December 14, 2020, Ms. Jackson was appointed as defense counsel, and the relevant discovery was made available to Ms. Jackson by December 18, 2020. Forty-nine days later, on February 5, 2020, Defendant raised the instant Motion, for a total time period of approximately seven and a half months since Defendant was arraigned and seven months since discovery was initially provided. As in *Salgado-Campos*, the deadline for pre-trial motions here had already passed when Ms. Jackson was appointed as Defendant's new counsel, and Defendant acknowledged that the Government disclosed the pertinent discovery in a timely fashion.

5

Good cause requires a movant show "both cause and prejudice." *Fogg*, 922 F.3d at 391. Since the undersigned concluded that Defendant failed to show cause, the analysis may end there. However, the undersigned notes that Defendant may have failed to show prejudice as well. Here, the *Miranda* challenge Defendant seeks to raise is neither complex nor novel, and, prior counsel had discovery for approximately six months. During that period, Defendant did not raise any concern regarding Mr. McBride's representation. Moreover, Mr. McBride was not present at the hearing to defend against such untimely allegations. Given the burden upon Defendant in his Motion, the Court may assume that not pursuing a motion to suppress was a strategic decision by prior counsel. Accordingly, the undersigned cannot find that Defendant has shown he would be prejudiced by denying leave to file the proposed motion to suppress out of time.

## IV. Recommendation

Based on the foregoing, the undersigned concludes that Defendant has not shown good cause. Therefore, it is **RECOMMENDED** that Defendant's Motion for Extension of Time to File Motion to Suppress Evidence (doc. 215) be **DENIED**.

/s/ *David P. Rush*
DAVID P. RUSH
UNITED STATES MAGISTRATE JUDGE

DATE: March 23, 2021