# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 20-03046-09-CR-S-BP |
| | ) | |
| ROBERT D. HUDDLESTON, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION AND DENYING DEFENDANT'S MOTION FOR AN EXTENSION OF TIME

Pending is Defendant Robert D. Huddleston's Motion for an Extension of Time to File Motion to Suppress Evidence. (Doc. 215.) After a *de novo* review, the Court adopts the Report and Recommendation of Chief United States Magistrate Judge David P. Rush, (Doc. 235), and **DENIES** Defendant's motion.

The Court adopts the Report and Recommendation in its entirety, including both its factual and legal findings; this discussion confirms, rather than supplants, Judge Rush's analysis. Defendant was indicted on June 10, 2020, for conspiracy to distribute a substance containing fentanyl. (Doc. 9.) Judge Rush appointed Benjamin A. McBride to represent Defendant under the Criminal Justice Act, 18 U.S.C. § 3006A. (Doc. 21.)

On June 16, 2020, Defendant was arraigned, and Judge Rush entered a scheduling order. (Doc. 58.) The scheduling order required both parties to file any relevant pretrial motions within twenty days; thus, the deadline for Defendant to file a motion to suppress was July 6, 2020. (Doc. 58.) The Government provided discovery to McBride on June 29, 2020. Defendant did not file a motion to suppress before the deadline.

On December 14, 2020, McBride withdrew as counsel due to a conflict of interest, and Judge Rush appointed Marsha D. Jackson to replace him. (Doc. 199.) The Government then provided discovery to Jackson on December 22, 2020, which she reviewed with Defendant on January 29, 2021.

On February 5, 2021, Defendant filed the instant motion, requesting leave to file a motion to suppress beyond the time limit set out in the scheduling order. Defendant has not filed the motion to suppress itself, but indicates generally that he wishes to challenge the adequacy of the *Miranda* warnings he received. (Doc. 233, p. 12.) The Government opposed Defendant's motion, and Judge Rush held a hearing to solicit arguments on the issue from both parties. (Doc. 233.)

After considering the arguments, Judge Rush issued the Report and Recommendation at issue, in which he recommended denying Defendant's motion. (Doc. 235.) Judge Rush observed that criminal defendants must raise suppression issues in pretrial motion practice, and that the court may set a deadline for such motions. FED. R. CRIM. P. 12(b)–(c). The court may also consider a suppression motion filed after the deadline, but only if the defendant shows both "cause" for his delay, and "prejudice" if the motion is not considered. *United States v. Fogg*, 922 F.3d 389, 391 (8th Cir. 2019). Because "[t]he desire to suppress incriminating evidence and the retention of new counsel are not by themselves sufficient to establish good cause," *United States v. Trancheff*, 633 F.3d 696, 698 (8th Cir. 2011), Judge Rush found that Defendant had not shown cause for his failure to file the motion to suppress within the deadline.

Defendant has now lodged several objections against the Report and Recommendation, but these are unavailing. First, Defendant contends that "[i]n writing this document Counsel cannot locate [a] handful of phone calls in the discovery that has been provided." (Doc. 239, p. 2.) But Defendant does not explain, and the Court cannot discern, why those phone calls are relevant to

the *Miranda* issue for which Defendant seeks more time to raise in his motion to suppress. Moreover, at the hearing, Defendant's counsel indicated that she had received all of the discovery from the Government, and the Government indicated that it had provided all relevant discovery to Defendant. (Doc. 233, pp. 4–5.) Therefore, the Court does not believe this objection is relevant to whether Defendant has shown good cause for his failure to file a timely motion.

Second, Defendant argues that "[e]ach attorney is free to make their own strategic decisions," and that his "Current Counsel should not be held to the decisions made by Defendant's prior attorney . . . ." (Doc. 239, pp. 2–3.) This is inconsistent with the Eighth Circuit's consistent holding that "the retention of new counsel" is not, in and of itself, enough to establish good cause. *Trancheff*, 633 F.3d at 698. In *United States v. Salgado-Campos*, for instance, defense counsel sought to file a motion to suppress two months after he was appointed, and three months after the pretrial motion deadline. 442 F.3d 684, 686 (8th Cir. 2006). The Eighth Circuit held that because there was no indication that "the government failed to disclose pertinent information until after the deadline had already passed," the mere fact that defense counsel became aware of a potential suppression issue after the deadline was not "good cause" to permit him to file an untimely suppression motion. *Id*. Like the defendant in *Salgado-Campos*, Defendant has made no showing that the Government failed to disclose relevant evidence. Instead, the only explanation he offers for his untimeliness is the substitution of new counsel—which is not "good cause."[*]

This issue is simple. Defendant's original attorney received all of the discovery from the Government before the pretrial motion deadline, and, after reviewing the evidence, did not file a

---

[*] Independently, the Court does not believe that Defendant has shown prejudice. Defendant contends that if the statements he gave after the allegedly inadequate Miranda warnings are used at trial, it will violate his "rights against self-incrimination, right to counsel, and due process of law as guaranteed by the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution." (Doc. 239, p. 2.) But Defendant has never explained in detail why the *Miranda* warnings he received were inadequate, or how he was harmed by the allegedly inadequate warnings. Thus, Defendant's conclusory remarks establish little more than the "desire to suppress incriminating evidence," *Trancheff*, 633 F.3d at 698, which is insufficient to establish prejudice.

motion to suppress.  Now, Defendant has a new attorney, who wishes to file a motion to suppress nearly nine months past the pretrial motion deadline.  Because the fact that Defendant has a new attorney is not "good cause" to reopen the pretrial motion window, Judge Rush properly found that Defendant's motion for an extension of time should be denied.  Therefore, the Court adopts the Report and Recommendation of Judge Rush and **DENIES** Defendant's motion to suppress.  (Doc. 215.)

**IT IS SO ORDERED.**

DATE:  April 21, 2021

/s/ Beth Phillips
BETH PHILLIPS, CHIEF JUDGE
UNITED STATES DISTRICT COURT