IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 20-03046-09-CR-S-BP |
| ROBERT D. HUDDLESTON, | ) ) ) | |
| Defendant. | ) | |

## ORDER

Before the Court is Defendant Robert D. Huddleston's Objection to Motion for Continuance and Motion to Sever or Motion to Reconsider Pre-trial Release. (Doc. 362.) The Government filed Suggestions in Opposition to Defendant's Motion to Sever or Third Motion to Reconsider Pre-Trial Release. (Doc. 371.) Upon review, Defendant's Motions will be **DENIED**.

**I.  Background**

On June 10, 2020, a nineteen-count Indictment was returned against twelve defendants alleging crimes related to the distribution of fentanyl. (Doc. 9.) Defendant is charged with one count of conspiracy to distribute 400 grams or more of fentanyl in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A) and a Forfeiture Allegation pursuant to 21 U.S.C. 853. *Id.* at 2-3, 10-11.

On June 12, 2020, Defendant first appeared in the case after his arrest the day before. On June 15, 2020, the Government moved to detain Defendant, and the next day he was arraigned, and a Scheduling and Trial Order was entered. On June 18, 2020, the undersigned entered an Order to detain Defendant without bail pending trial, finding by a preponderance of the evidence that Defendant is a flight risk and by clear and convincing evidence that Defendant poses a danger to the community. (Doc. 65.) At that time, the case was for trial commencing on August 10, 2020.

On July 8, 2020, the trial was continued to January 4, 2021 based on a codefendant's motion for continuance. On December 14, 2020, the trial was continued to March 22, 2021, pursuant to the December 1, 2020 General Order issued by Chief Judge Beth Phillips.

On March 8, 2021, the case was removed from the March 22, 2021 joint criminal jury trial docket due to pending motions in the case, including Defendant's Motion for an Extension of Time to File a Motion to Suppress Evidence. (Docs. 215, 220, 246.) After the pending motions were resolved, the case was set for trial on September 20, 2021. On August 19, 2021, the trial was continued to May 2, 2022 based on a codefendant's motion for continuance. On August 19, 2021, based on another codefendant's motion for continuance, the trial was continued to July 18, 2022, and the Court noted that absent extraordinary circumstances, no further continuances would be granted. On June 20, 2022, a codefendant filed a motion to continue, and the next day, Defendant filed the instant motion, objecting the continuance and requesting a severance, or in the alternative a reconsideration of his detention pending his trial. (Doc. 362.)

**II.     Discussion**

In his Motion, Defendant states that he has been held without bond since June 12, 2020; the alleged facts involving Defendant concern one contact in or around January 2019; and that he has not filed a motion for continuance or a waiver of speedy trial. (Doc. 362.) Therefore, Defendant argues that "Rule 14(a) allows the Court to sever a defendant who may be prejudiced." *Id.*

Rule 8(b) of the Federal Rules of Criminal Procedure establishes the requirements for joinder of offense or defendants in the same indictment. Defendants may be charged together "if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." *Id.* Rule 14(a) permits the court to order severance, even though joinder is otherwise proper under Rule 8, "[i]f the joinder of offenses or

defendants in an indictment . . . appears to prejudice a defendant or the government." Fed. R. Crim. P. 14(a).

"The objective of both Rules is to balance the prejudice inherent in joint trials against the interests in judicial economy." *United States v. Jones*, 880 F.2d 55, 60 (8th Cir. 1989). To that end, "[t]here is a preference in the federal system for joint trials of defendants who are indicted together" unless the benefits are outweighed by a clear likelihood of prejudice. *Zafiro v. United States*, 506 U.S. 534, 537 (1993). Joint trials are favored because "[t]rying codefendants together not only conserves scarce time and resources, but also gives the jury the best perspective on all of the evidence and therefore increases the likelihood of a correct outcome." *United States v. Hively*, 437 F.3d 752, 765 (8th Cir. 2006) (internal quotation marks and citation omitted).

Nonetheless, the Court may sever trials "upon a showing of real prejudice to an individual defendant." *United States. v. Sandstrom*, 594 F.3d 634, 644 (8th Cir. 2010); *Zafiro*, 506 U.S. at 539 (stating that severance should be granted "under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence"). A defendant may show real prejudice to his right to a fair trial by demonstrating "(a) his defense is irreconcilable with that of his co[]defendant or (b) the jury will be unable to compartmentalize the evidence as it relates to the separate defendants." *United States v. Mueller*, 661 F.3d 338, 347 (8th Cir. 2011) (alteration and citation omitted); *see also Hively*, 437 F.3d at 765 (explaining that [p]rejudice can be demonstrated by showing that the jury will be unable to compartmentalize the evidence as it relates to the separate defendants because of a "prejudicial spillover effect."). The defendant carries a heavy burden of showing that severance is mandated. *United States v. Young*, 753 F.3d 757, 777 (8th Cir. 2014). Ultimately, "it will be the rare case, if ever, where a district court should sever the trial

of alleged coconspirators." *United States v. Frazier*, 280 F.3d 835, 844 (8th Cir. 2002). In the undersigned's view, this is not that rare case.

In his Motion, Defendant states that Rule 14(a) allows for severance where a defendant is prejudiced, however, he provides no argument or analysis to demonstrate "real prejudice." Defendant also states that "alleged facts involving [him] concern one contact in or around January 2019." The Government responds, stating that the conspiracy time frame in the indictment spans from January 2019 to May 2020, and "the evidence that will be presented . . . is that Defendant was admittedly purchasing fentanyl from codefendants . . . every day between January 2019 and May 2020[.]" (Doc. 371 at 4.) Notably, the Eighth Circuit has found that mere minor participation in an alleged conspiracy is insufficient to justify severance. *United States v. Spotted Elk*, 548 F.3d 641, 658 (8th Cir. 2008); *United States v. Willis*, 940 F.3d 1136, 1139 (8th Cir. 1991). And, the general rule is that "persons charged in a conspiracy should be tried together, especially when proof of the charges against the defendants is based upon the same evidence and acts." *Mueller*, 661 F.3d at 347 (8th Cir. 2011). Here, Defendant is charged only in one count of conspiracy and should be tried together with codefendants since proof of charges is likely based on the same evidence and acts. Based on the foregoing, the Court finds Defendant has not met his burden of showing that severance is mandatory, and the Court concludes that severance is not necessary. Accordingly, Defendant's Motion to Sever is **DENIED**.

Defendant also states that he has not previously filed a motion to continue or a waiver of speedy trial. Thus, the Court separately notes that Defendant's right to a speedy trial is not violated because of a codefendant's motion to continue and further, that Defendant has been afforded to opportunity to file several motions, including a Motion for an Extension of Time to File a Motion to Suppress Evidence as a result. *United States v. Titlbach*, 339 F.3d 692, 698 (8th Cir. 2003);

*United States v. Thomas*, 774 F.2d 807 (7th Cir. 1985).

In the alternative, Defendant asks this Court to reconsider pre-trial release. The Court has reviewed Defendant's request to review his bond status and reconsider the prior Order of Pretrial Detention entered against Defendant on June 18, 2020. (Doc. 65.) The Court has also reviewed the Government's Suggestions in Opposition to Defendant's Motion and the Pretrial Services Report filed in this case. (Docs. 35, 371.) Defendant's Motion to Reconsider Pretrial Release is **DENIED**.

**IT IS SO ORDERED.**

                                           /s/ *David P. Rush*
                                           DAVID P. RUSH
                                           UNITED STATES MAGISTRATE JUDGE

DATE: June 29, 2022